**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31355 Oak Crest Drive, Suite 210
Westlake Village, CA 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
E-Mail: kgrombacher@bradleygrombacher.com

*Attorneys for Plaintiffs LISA MOORE, LENER DAVID GARCIA and CARLA FAJARDO CONTRERAS, on behalf of themselves and all others similarly situated*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LISA MOORE, LENER DAVID GARCIA and CARLA FAJARDO CONTRERAS, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GATE GOURMET, INC., a Delaware Stock Corporation; and DOES 1 to 10, inclusive,

Defendant.

**CASE NO. 3:25-cv-02156-JES-MMP**
[*Assigned for all purposes to the Honorable Judge James E. Simmons, Jr., Courtroom 4B*]

**<u>SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR</u>:**

1. **Failure to Pay Overtime Wages in Violation of Labor Code §§ 510 and 1198;**
2. **Failure to pay all Wages and Minimum Wages in Violation of Labor Code §§ 221, 223, 1182, 1194, 1197, and 1198;**
3. **Failure to Provide Compliant Meal Periods in Violation of Labor Code §§ 226.7, 512, 516 and 1198;**
4. **Failure to Provide Compliant Rest Periods in Violation of Labor Code §§ 226.7, 516, and 1198;**
5. **Failure to Reimburse Business Expenses in Violation of Labor Code § 2802;**
6. **Failure to Pay All Wages Owed at Termination in Violation of Labor Code §§ 201-203;**
7. **Failure to Furnish Accurate, Itemized Wage Statements in Violation of Labor Code § 226(a) and Failure to Maintain Accurate Records in Violation of Labor Code § 1174.5;**
8. **Civil Penalties Pursuant to PAGA Labor Code §§ 2698 *et seq.*; and**
9. **Violations of Los Angeles Administrative Code, Division 10, Article 11, §§ 10.37, et. Seq. (Los Angeles Living Wage Ordinance)**

**DEMAND FOR JURY TRIAL**

Plaintiffs, LISA MOORE, LENER DAVID GARCIA and CARLA FAJARDO CONTRERAS (hereinafter "Plaintiffs") hereby submits this Second Amended Class and Representative Action Complaint against Defendant GATE GOURMET, INC., a Delaware Stock Corporation; and DOES 1 to 10, inclusive, (hereinafter referred to as "Defendant") on behalf of themselves and the class of all other similarly situated current and former employees of Defendant as follows:

## NATURE OF THE CASE

1. This is a class and representative action brought pursuant to *Federal Rule of Civil Procedure* 23, challenging Defendant's systemic illegal employment practices resulting in violations of California *Labor Code* §§ 201-203, 221, 223, 226(a), 226.7, 510, 512, 516, 1174.5, 1182, 1194, 1197, 1198, 2698, 2699 *et seq.*, 2802; and the applicable Industrial Welfare Commission ("IWC") Wage Orders; and the Los Angeles Administrative Code, Division 10, Article 11, §§ 10.37, *et seq*. (the "LWO").

2. Plaintiffs seek relief on behalf of themselves and members of the Plaintiff Class as a result of employment policies, practices, and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, Division of Labor Standards and Enforcement, and which have resulted in the failure of Defendant to pay Plaintiffs and members of the Plaintiff Class all wages due to them. Plaintiffs further allege that these practices extended to Defendant's failure to comply with the wage requirements applicable to covered airport service employees under the Los Angeles Living Wage Ordinance. Said employment policies, practices, and procedures are generally described as follows:

a. Failure to Pay Employees for All Overtime;
b. Failure to Pay Employees for All Hours Worked;
c. Failure to Provide Employees with Compliant Meal Periods;
d. Failure to Provide Employees with Compliant Rest Periods;
e. Failure to Reimburse Employees' Business Expenses;
f. Failure to Timely Pay Wages During Employment;
g. Failure to Pay All Wages Owed at Termination; and,
h. Failure to Provide Employees and Aggrieved Employees with Accurate, Itemized Wage Statements and Failed to Maintain Accurate Records;

3. At all times relevant herein, on information and belief, Defendant, Gate Gourmet, Inc.; and DOES 1 to 10, was, and is, an airline catering corporation that offers onboard meals to airline flights tailored to meet diverse passenger expectations.

4. Defendant has maintained practices which have failed and continue to fail to pay Plaintiffs and other non-exempt employees all wages. Specifically, Defendant does not properly record, nor compensate Plaintiffs' and other non-exempt employees' the overtime they are owed based on their total overtime hours worked.

5. Furthermore, Defendant failed to provide employees with timely, complete, and uninterrupted meal and rest breaks. Plaintiffs' and the other non-exempt employees' meal and rest periods are regularly skipped or cut short. Defendant did and does not pay Plaintiffs and the non-exempt employees for the time they spent working within their meal and rest periods.

6. In light of the foregoing, Defendant has also failed to provide accurate wage statements.

7. Plaintiffs bring Causes of Action One through Eight here as a class action on behalf of themselves and other similarly situated individuals who have worked for Defendant in California, at any time from four-years prior to the filing of this complaint, through the resolution of this action. Plaintiffs, on their own behalf and on behalf of all Class Members, bring the class claims pursuant to California *Labor Code* §§ 201-203, 221, 223, 226(a), 226.7, 510, 512, 516, 1174.5, 1182, 1194, 1197, 1198, 2802, and the applicable wage order(s).

8. Plaintiffs are informed and believe, and based thereon allege, that Defendant has engaged in, among other things a system of willful violations of the California *Labor Code* and the applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

9. Plaintiffs bring Cause of Action Nine as proxies of the State of California on behalf of other aggrieved employees for penalties under the Private Attorneys General Act ("PAGA"). PAGA provides that any civil penalty assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of applicable provisions of the California *Labor Code* may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California *Labor Code* § 2699.3. PAGA also provides that an aggrieved

employee can bring a civil action on behalf of other aggrieved employees for violation of any other *Labor Code* provision that does not itself contain a civil penalty, in which case the civil penalties are assessed at $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation.

10. On July 17, 2025, Plaintiff Moore provided written notice to the LWDA and by certified mail to Defendant of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations. More than 65 calendar days have passed since the date notice was provided to the LWDA and Defendant. Accordingly, Plaintiff Moore has satisfied the administrative prerequisites under California *Labor Code* § 2699.3(a) to recover civil penalties against Defendant for violations of California *Labor Code* identified in this complaint.

11. On February 3, 2026, Plaintiffs Garcia and Contreras provided written notice to the LWDA and by certified mail to Defendant of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations. More than 65 calendar days have passed since the date notice was provided to the LWDA and Defendant. Accordingly, Plaintiffs Garcia and Contreras have satisfied the administrative prerequisites under California *Labor Code* § 2699.3(a) to recover civil penalties against Defendant for violations of California *Labor Code* identified in this complaint.

## PARTIES

12. Plaintiff, Lisa Moore, is an individual over the age of eighteen (18) and is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California. During the Relevant Time Period, Plaintiff Moore worked for Defendant as a ‘Driver’ delivering food and beverages to the airline planes by using Defendant’s trucks. Plaintiff Moore was hired on July 29, 2021, and was terminated by Defendant on October 25, 2024.

13. Plaintiffs Lener David Garcia and Carla Fajardo Contreras are individuals over the age of eighteen (18) and are now, and/or at all relevant times mentioned in this Complaint were, each a resident and domiciliary of the State of California.

14. During the Relevant Time Period, Plaintiff Garcia worked for Defendant as a ‘Food Prep’ in Los Angeles International Airport. Plaintiff Garcia was hired for this position since approximately September 7, 2022. On June 8, 2025, Plaintiff Garcia was suspended until further notice, and he was

terminated on January 14, 2026.

15. During the Relevant Time Period, Plaintiff Contreras worked for Defendant also as a 'Food Prep' in Los Angeles International Airport. Plaintiff Contreras began working for Defendant on approximately February 15, 2023, and she is still employed with Defendant.

16. Plaintiffs are informed and believe, and based thereon allege, that Defendant Gate Gourmet, Inc. is a Delaware Stock Corporation. Plaintiffs are further informed and believe that at all times relevant hereto, Defendant has transacted, and continues to transact, business throughout the State of California.

17. Plaintiffs are informed and believe, and based thereon allege, that Defendant is an airline catering corporation that offers onboard meals to airline flights tailored to meet diverse passenger expectations.

18. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned Defendant and DOES 1 to 10, is and was a corporation, business entity, individual, and partnership, licensed to do business and actually doing business in the State of California.

19. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendant sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendant is sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believe and based thereon allege that each of said fictitious Defendant was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

20. At all times herein mentioned, Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendant, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendant, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

21. Plaintiffs are informed and believe, and based thereon allege, that at all times material hereto, each of the Defendants named herein are the agent, employee, alter ego and/or joint venturer of,

or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendant, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

22. At all times herein mentioned, the acts and omissions of various Defendant, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendant in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendant, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendant, and each of them, aided and abetted the acts and omissions of each and all of the other Defendant in proximately causing the damages as herein alleged.

23. The Members of the Classes (as defined below), including the representative Plaintiffs named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because this is a putative class action in which: (a) at least one member of the proposed Class is a citizen of a state different from at least one Defendant; (b) the proposed Class consists of more than 100 members; and (c) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Defendant removed this action from the Superior Court of the State of California, County of San Diego, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. This Court has supplemental jurisdiction over Plaintiffs' remaining state law claims, including the representative claim asserted under the Private Attorneys General Act, pursuant to 28 U.S.C. § 1367.

25. This Court has personal jurisdiction over Defendant because Defendant is authorized to do business in the State of California, is registered with the California Secretary of State, conducts substantial business within this District, and has sufficient minimum contacts with the State of California through the advertising, marketing, and sale of goods and services. Defendant has purposefully availed itself of the privilege of conducting activities within California and within this District, such that the exercise of jurisdiction over Defendant by this Court is consistent with traditional notions of fair play and substantial

justice.

26. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District, and Defendant has employed Class Members in and transacts business within this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1441(a) because this action was removed from the Superior Court of the State of California, County of San Diego, which embraces the place where this action was originally pending.

## FACTUAL ALLEGATIONS

27. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

***Defendant's Failure to Pay Overtime Wages***

28. Because Plaintiffs and members of the Class worked shifts of eight (8) hours a day or more and/or forty (40) hours a week or more, and/or shifts of twelve (12) hours a day or more, some of the above off-the-clock work qualified for overtime premium pay.

29. Defendant did not compensate their hourly non-exempt employees for all overtime and/or double time premium pay that accrued, despite systematically recording employees' time. Additionally, because Plaintiffs and Class Members' consistently work through their meal periods, as there was no one to relieve them, they accumulated additional overtime hours worked in which they were uncompensated for or not compensated at the proper rate pursuant to *Ferra v. Loews Hollywood Hotel, LLC* (Sup. Ct. S259172 (July 15, 2021).)

***Defendant's Failure to Pay all Wages and Minimum Wages***

30. During the Relevant Time Period, Defendant had, and continues to have, a company-wide policy requiring work during Plaintiffs' and Class Members' meal and rest periods. During Plaintiffs' and Class Members' employment with Defendant, they would consistently work through their meal periods, as there was no one to relieve them and they were not allowed to leave the airport, and therefore, accumulated additional hours worked in which they were uncompensated for.

31. Thus, Defendant did not compensate their hourly non-exempt employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendant; and/or the time that the employees were suffered or permitted to work.

***Defendant's Failure to Provide Compliant Meal Periods***

32. Plaintiffs are further informed and believe, and based thereon allege, that as a matter of policy and/or practice, Defendant routinely failed to provide Plaintiffs and the members of the plaintiff class, with meal periods during which they were relieved of all duties, by requiring them to remain on duty. Specifically, Plaintiffs would receive a meal break after six hours of working, and sometimes even more. Additionally, there were many times where she was unable to take a meal break because there was no other employee there to relieve her. Plaintiff Moore was told by Defendant that she could not leave the airport and/or tarmac while she was on her breaks.

33. Throughout the Class Period, Defendant regularly:

a. Failed to provide Plaintiffs and the members of the plaintiff class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

b. Failed to provide Plaintiffs and the members of the plaintiff class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

c. Failed to pay Plaintiffs and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and,

d. Failed to accurately record all meal periods.

***Defendant's Failure to Provide Compliant Rest Periods***

34. Plaintiffs are informed and believe, and based thereon allege, that Defendant failed to effectively communicate California rest period requirements to Plaintiffs and the members of the plaintiff class. Plaintiffs are further informed and believe and based thereon allege that throughout the Relevant Time Period Defendant failed to provide paid rest periods.

35. Throughout the Class Period, Plaintiffs and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

36. Specifically, throughout the Class Period, Defendant regularly:

a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiffs and the members of the plaintiff class were relieved of all duty for each four (4) hours of work and

able to take rest periods within the middle of the shift; and

b. Failed to pay Plaintiffs and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

37. Plaintiffs allege that they regularly had to skip any chances at taking their rest breaks during their shifts or cut them short of the 10-minute timeframe. As was the case for their skipped and interrupted meal breaks, they had to skip or cut short their rest breaks and get back to work sooner due to the pressure placed on them by Defendant.

***Defendant's Failure to Reimburse Business Expenses***

38. At all times relevant hereto, Defendant had company-wide policies and/or practices whereby non-exempt employees were required to undertake expenses on Defendant's behalf. These expenses include Plaintiffs' and the Class Members' use of their personal cell phones to communicate with Defendant staff and management.

39. Defendant regularly failed to reimburse Plaintiffs and Class Members for all expenses they incurred in facilitating their job duties in violation of California *Labor Code* § 2802.

***Defendant's Failure to Pay All Wages Due at Termination of Employment***

40. At all times relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) workdays.

41. Defendant willfully and knowingly failed to pay Plaintiffs and the Plaintiff Class upon termination of employment all accrued compensation, as described above, including, but not limited to, compensation required for time spent "off the clock," and time illegally rounded to Defendant's benefit.

***Defendant's Failure to Provide Compliant Wage Statements***

42. During the Relevant Time Period, Defendant has knowingly and intentionally provided Plaintiffs and members of the Classes with uniform, incomplete, and inaccurate wage statements. For

example, Defendant provided uniform wage statements to Plaintiffs and members of the Classes that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages and/or meal and rest period premiums, and the corresponding number of hours worked.

43. Because Defendant failed to provide the correct net and gross wages earned, applicable rates of pay, and number of total hours worked on wage statements, Plaintiffs and members of the Classes have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full. Instead, Plaintiffs and members of the Classes have had to look to sources outside of the wage statements themselves and reconstruct time records to determine whether in fact they were paid correctly and the extent of underpayment, thereby causing them injury.

***Defendant's Failure to Comply with Los Angeles Living Wage Ordinance***

44. Plaintiffs and Class Members performed work as airline food catering employees servicing LAX flights and airport operations and were 'Airport Employees' within the meaning of Los Angeles Administrative Code § 10.37. Defendant was therefore an 'Airport Employer' subject to the Living Wage Ordinance.

45. Section 10.37.2 of the LWO provides that an Employer shall pay an Employee "a wage of no less than the hourly rates set under the authority of this article."

46. Section 10.37.2(a)(2) of the LWO requires Airport Employers and Subcontractors pay their Airport Employees the "living wage rate." Effective as of July 1, 2024, the LWO's set "living wage rate" is $19.28 per hour with health benefits provided, or $25.23 per hour if health benefits are not provided. Airport Employers who provide health benefits must pay at least $5.95 per hour to the health benefit plan.

47. During the Relevant Time Period, Plaintiffs and the Class Members were not paid at the minimum living wage rate required by the LWO.

48. Thus, Defendant has failed to pay Plaintiffs, and the Class Members all owed wages at the required rate of pay in violation of the LWO.

***Facts Regarding Willfulness***

49. Plaintiffs are informed and believe, and based thereon allege, that Defendant are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors

with knowledge of the requirements of California wage and hour laws and that at all relevant times, Defendant knew or should have known, that the Plaintiff Class Members, including Plaintiffs, were entitled to receive one hour of pay at the employee's regular rate of compensation for each day that a meal and rest period was not provided and were and are entitled to receive pay for all hours worked, accurate itemized wage statements, and pay in a timely manner.

***Plaintiffs' Exhaustion of Administrative Remedies***

50. Plaintiffs are currently complying with the procedures for bringing suit specified in *Labor Code* § 2699.3.

51. By letter dated July 16, 2025, required notice was provided by Plaintiff Moore to the Labor and Workforce Development Agency ("LWDA") and Defendant, of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

52. By letter dated February 3, 2026, required notice was provided by Plaintiffs Garcia and Contreras to the Labor and Workforce Development Agency ("LWDA") and Defendant, of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

53. This Complaint will be amended when more than sixty-five (65) days have passed since the date the notice was mailed to Defendant and the LWDA, if the LWDA chooses not to investigate the allegations herein.

## CLASS ACTION ALLEGATIONS

54. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

55. Pursuant to *Federal Rule of Civil Procedure* 23, this action is brought and may be properly maintained as a class action. This action satisfies the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a), as well as the predominance and superiority requirements of Rule 23(b)(3).

56. The classes which Plaintiffs seek to represent are composed of, and defined as follows:

a. **Plaintiff Class:** All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as "non-exempt"

employees in the State of California, at any time since four years prior to filing this action, through the date judgment is rendered in this action.

b. **<u>Terminated Sub-Class:</u>** All members of the Plaintiff Class whose employment ended during the Class Period.

(Collectively, "Plaintiff Class" or "Class Members")

57. *<u>Numerosity</u>*: Plaintiffs are informed and believe, and on that basis allege, that during the class period hundreds of Class Members have been employed by Defendant as non-exempt employees in the State of California. Because so many persons have been employed by Defendant in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

58. *<u>Common Questions of Law and/or Fact</u>*: Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of Class Members' claims are as follows:

a. Whether Plaintiffs and Class Members are subject to and entitled to the benefits of California wage and hour statutes;

b. Whether Defendant failed to pay Plaintiffs and Class Members for all hours worked;

c. Whether Defendant failed to pay Plaintiffs and Class Members all overtime;

d. Whether Defendant had a standard policy of not providing compliant meal and rest breaks and/or premiums to Plaintiffs and members of the Plaintiff Class;

e. Whether Defendant failed to reimburse Plaintiffs and Class Members for all business expenses they incurred during their employment;

f. Whether Defendant failed to pay final wages to Plaintiffs and members of the Terminated Sub-Class upon separation of employment;

g. Whether Defendant unlawfully and/or willfully failed to provide Plaintiffs and members of the Plaintiff Class with true and proper wage statements upon payment of wages;

h. Whether Plaintiffs and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs and attorneys' fees.

59. *Typicality*: The claims of the named Plaintiffs are typical of the claims of the members of the Plaintiff Class. Defendant's common course of conduct in failing to provide their non-exempt employees with meal and rest periods and all wages in compliance with the applicable wage order, or premium compensation at the regular rate in lieu thereof, failing to provide them with proper wages and overtime, and failing to provide them with compliant wage statements has caused Plaintiffs and the proposed Class to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the proposed Class. Plaintiffs and the proposed Class sustained the same or similar injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other Class Members as well as Plaintiffs. Plaintiffs seek recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

60. *Adequacy of Representation*: Plaintiffs are adequate representatives of the proposed Class because they are members of the class, and their interests do not conflict with the interests of the members she seeks to represent. Plaintiffs have retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiffs and their counsel intend to prosecute this action vigorously for the benefit of the Class. The interests of the Class Members will fairly and adequately be protected by Plaintiffs and their attorneys.

61. *Superiority of Class Action*: A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

62. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of *Federal Rule of Civil Procedure* 23(b)(1) because:

a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant, and,

b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

**FIRST CAUSE OF ACTION**

**Failure to Pay All Overtime Wages**

***Labor Code* §§ 510, 1198, and Applicable IWC Wage Orders**

**(By Plaintiffs and Members of the Putative Class Against Defendant)**

63. Plaintiffs incorporate herein by reference the allegations set forth above.

64. At all times relevant herein, which comprise of the time period not less than four (4) years preceding the filing of this action, Defendant were required to compensate their hourly employees for all overtime hours worked.

65. California *Labor Code* §§ 510 and 1198 and the applicable Industrial Welfare Commission ("IWC") wage order require employers to pay employees working more than eight (8) hours in a day or more than forty (40) hours in a workweek at the rate of one-and-one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek. The applicable IWC wage order further provides that employers are required to pay employees working more than twelve (12) hours in a day overtime compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

66. Defendant willfully failed to pay all overtime wages owed to Plaintiffs and members of the Class. During the Relevant Time Period, Plaintiffs and members of the Class were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours that they worked were not

recorded as alleged above.

67. Defendant knew or should have known that as a result of company-wide practices and/or policies, that prevents Plaintiffs and members of the Class from earning overtime, Plaintiffs and members of the Class were performing assigned duties off-the-clock and were suffered or permitted to perform work for which they were not paid. Because Plaintiffs and members of the Class worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiffs and members of the Class were not paid overtime wages for all of the overtime hours they actually worked.

68. Defendant's failure to pay Plaintiffs and members of the Class the balance of overtime compensation, as required by California law, violates the provisions of *Labor Code* §§ 510 and 1198. Plaintiffs and members of the Class are entitled to recover civil penalties, attorney's fees, costs, and interest thereon.

**SECOND CAUSE OF ACTION**

**Failure to Pay All Wages and Minimum Wages**

***Labor Code*** **§§ 221, 223, 1182, 1194, 1197, and 1198, and Applicable IWC Wage Orders**

**(By Plaintiffs and Members of the Putative Class Against Defendant)**

69. Plaintiffs incorporate herein by reference the allegations set forth above.

70. At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendant were required to compensate their hourly employees for all hours worked.

71. For at least the four (4) years preceding the filing of this action, Defendant failed to compensate employees for all hours worked. Defendant implemented policies that actively prevented employees from being compensated for all time worked by subjecting Plaintiffs and members of the Class to work off-the-clock as mentioned above as a result of late or missed meal and rest breaks.

72. Under the applicable wage order and state regulations, Plaintiffs and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with *Labor Code* § 218.5, and penalties pursuant to *Labor Code* §§ 203 and 206.

73. The applicable IWC wage order section 2(G) defines "hours worked" to mean "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

74. Defendant suffered or permitted Plaintiffs and members of the Class to work portions of the day for which Defendant failed to compensate them. This includes time spent under Defendant's control prior to clocking in and during meal periods as described above.

75. *Labor Code* § 1194(a) provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage … is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage … including interest thereon, reasonable attorney's fees, and costs of suit."

76. *Labor Code* § 1194.2(a) provides in relevant part: "In any action under § 1193.6 or § 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

77. *Labor Code* § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

78. Plaintiffs are informed and believe, and therefore allege, that Defendant's compensation schemes do not fairly compensate Plaintiffs and other Class Members for all hours spent performing their job duties.

79. The failure to pay at least minimum wages to Plaintiffs and members of the Plaintiff Class for each and every hour worked violates *Labor Code* §§ 1182.11-1182.12, 1194, 1194.2, and 1197; the applicable IWC wage order section 4; and *Business & Professions Code.*

80. The failure to pay designated wages to Plaintiffs and members of the Plaintiff Class for each and every hour worked violates *Labor Code* § 221 and 223; the applicable IWC wage order section 3; and *Business & Professions Code*.

81. As a proximate result of the above-mentioned violations. Plaintiffs and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

**THIRD CAUSE OF ACTION**

**Failure to Provide Compliant Meal Breaks**

***Labor Code* §§ 226.7, 512, 516, 1198 and Applicable IWC Wage Orders**

**(By Plaintiffs and Members of the Putative Class Against Defendant)**

82. Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

83. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and the Class Members regularly worked more than five (5) hours per shift and were entitled to a meal period of not less than thirty (30) minutes without duty.

84. Nevertheless, Plaintiffs are informed and believe, and thereon allege, that Defendant routinely failed to provide Plaintiffs and the members of the Class with such meal periods without duty, notwithstanding the fact that Plaintiffs and the members of the Class had not waived their right to the same. Thus, Defendant failed to provide Plaintiffs and the members of the Class with compliant meal periods required by *Labor Code* §§ 226.7, 512, 516 and the applicable IWC wage order section 10, and categorically failed to pay any and all meal period wages due.

85. Plaintiffs and Class Members seek damages pursuant to *Labor Code* § 226.7(b) and the applicable IWC wage order section 10(F), in the amount of one additional hour of pay at the regular rate for each work day that the meal period is/was not provided to Plaintiffs and any member of the Class, the cumulative sum of which is to be determined at trial.

86. Under the foregoing, California employers must provide meal periods and authorize and permit rest periods to all employees during their shifts. In *Augustus et al. v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, the California Supreme Court reaffirmed that the required meal and rest periods must be "off-duty," which means that employees must be relieved of "all work-related duties," including the duty to remain "on call," and they must be "free from employer control" over how they "spend their time." *Id.* at 264, 269. Employees must have the freedom to use meal and rest periods for their own purposes. *Id.* at 270; *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1038-39.

87. When employees must either "remain at the ready and capable of being summoned to action," "respond when the employer seeks contact with [them]," "perform other work if the employer so

requests," and/or remain "on call" during their meal and rest periods, the employees have not been "relieve[d] … of all work-related duties and employer control." *Augustus*, *supra*, 2 Cal.5th at 270. Such a meal or rest period is not "off duty" and therefore is "impermissible." *Ibid.*

88. The Supreme Court's decision in *Augustus* demonstrates a series of meal and rest break cases affirming California's broad, protective standard for employees.[1]

89. Moreover, as the mere existence of a facially lawful meal and rest break policy is unavailing if there are practical constraints and pressures on employees to perform their duties in ways that omit breaks. See *Brinker*, *supra*, 53 Cal.4th at 1040.

90. Yet, Defendant did and does not provide Plaintiffs and members of the Class with meal periods during which they are completely relieved of duty for at least thirty (30) minutes by the fifth hour of work and again by the tenth hour of work. Specifically, Plaintiffs would receive a meal break after six hours of working, and sometimes even more. Additionally, there were many times where they were unable to take a meal break because there was no other employee there to relieve them. Plaintiffs were told by Defendant that they could not leave the airport and/or tarmac while they were on their breaks.

91. Plaintiffs allege that meal breaks were frequently late as described above. As a result, Plaintiffs and members of the Class were forced to work in excess of five (5) hours before taking a meal period.

92. Thus, Defendant has failed to perform its obligations to provide Plaintiffs and the members of the Plaintiff Class with off-duty meal periods by the end of the fifth hour of work and a second meal period by the end of the tenth hour of work. Defendant has also failed to pay Plaintiffs and the members of the Plaintiff Class one (1) hour of pay at the regular rate for each off-duty meal period that they have been denied.

93. Employers must pay premium payments to employees for missed meal, rest, and recovery breaks at the employee's "regular rate of pay" instead of their base hourly rate. *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858.

---

[1] *See, e.g.*, *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004; *Lubin v. Wackenhut Corp.* (2016) 5 Cal.App.5th 926 , *rehg. denied* (Dec. 14, 2016); *Faulkinbury v. Boyd & Assocs., Inc.* (2013) 216 Cal.App.4th 220; *Berlanga v. Equilon Enterprises LLC* (N.D.Cal., Aug. 31, 2017, No. 17-CV-00282-MMC) 2017 WL 3782245 at *3 (a policy requiring employees to "remain in contact with supervisors and other employees working in their units throughout their shifts… would appear to be unlawful under [*Augustus*.]")

94. Defendant knew or should have known that as a result of its policies and/or practices, that Plaintiffs and members of the Class were not actually relieved of all duties to take timely, uninterrupted meal periods. Defendant further knew or should have known that it did not pay Plaintiffs and members of the Class all meal period premiums when meal periods were missed, late, short, and/or interrupted. Furthermore, Defendant has engaged in a company-wide practice and/or policy of not paying meal period premiums owed when compliant meal periods are not provided. Because of this practice and/or policy, Plaintiffs and members of the Class have not received all premium pay for missed, interrupted, or late meal periods. Accordingly, Defendant failed to provide all meal periods in violation of *Labor Code* §§ 226.7, 512(a), 516, and 1198.

95. Plaintiffs and members of the Class are entitled to civil penalties, attorney's fees, costs, and interest thereon.

**FOURTH CAUSE OF ACTION**

**Failure to Provide Compliant Rest Breaks**

***Labor Code* §§ 226.7, 516, 1198 and Applicable IWC Wage Orders**

**(By Plaintiffs and Members of the Putative Class Against Defendant)**

96. Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

97. *Labor Code* §§ 226.7, 516, and 1198, and the applicable IWC wage order require employers to provide rest periods and to pay an employee one (1) additional hour of pay at the employee's regular rate for each work day that a meal or rest period is not provided. *Labor Code* § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC. The applicable IWC wage order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

98. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and Class Members were entitled to a paid rest period of not less than ten (10) minutes without duty for each and every four

(4) hours or major fraction thereof worked during the workday.

99. Nevertheless, Plaintiffs are informed and believe, and thereon allege, that Defendant routinely failed to provide Plaintiffs and the members of the Plaintiff Class with such paid rest periods without duty, notwithstanding the fact that Plaintiffs and the members of the Plaintiff Class had not waived their right to the same. Plaintiffs alleges that they regularly had to skip any chances at taking their rest breaks during their shifts or cut them short of the 10-minute timeframe. As was the case for their skipped and interrupted meal breaks, they had to skip or cut short their rest breaks and get back to work sooner due to the pressure placed on them by Defendant.

100. Thus, Defendant failed to provide Plaintiffs and Class Members with rest periods required by *Labor Code* §§ 226.7, 512, and 516, IWC wage order section 11 and categorically failed to pay any and all rest period wages due.

101. Plaintiffs and Class Members seek damages pursuant to *Labor Code* § 226.7(b) and the applicable IWC wage order section 11(D), in the amount of one additional hour of pay at the regular rate for each work day that the rest period is/was not provided or provided late to Plaintiffs and any member of the Class, the cumulative sum of which is to be determined at trial.

102. Therefore, Plaintiffs and members of the Plaintiff Class are entitled to compensation for Defendant's failure to provide rest periods, plus interest, attorneys' fees, expenses, and costs of suit pursuant to *Labor Code* § 226.7(b) and the applicable wage order.

**FIFTH CAUSE OF ACTION**

**Failure to Reimburse Business Expenses**

***Labor Code* § 2802 and Applicable IWC Wage Orders**

**(By Plaintiffs and Members of the Putative Class Against Defendant)**

103. Plaintiffs re-allege and incorporate all preceding paragraphs a though fully set forth herein.

104. *Labor Code* § 2802 requires employers to pay for all necessary expenditures and losses incurred by the employee in the performance of his or her job. The purpose of *Labor Code* § 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137, 1144.

105. The applicable IWC wage order provides that: "[w]hen tools or equipment are required by

the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

106. During the Class Period, Plaintiffs and the Class Members had to regularly use their personal cell phone to respond to Defendant's messages and calls during their shifts. Defendant failed to reimburse Plaintiffs and Class Members for such expenses like their cell phone bills.

107. Defendant failed to reimburse them for these costs. Defendant could have compensated Plaintiffs and members of the Class. Instead, Defendant passed these operating costs off onto Plaintiffs and members of the Class. Thus, Defendant had, and continues to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred in violation of *Labor Code* § 2802.

**SIXTH CAUSE OF ACTION**

**Failure to Pay Wages at Time of Termination**

***Labor Code* §§ 201-203 and Applicable IWC Wage Orders**

**(By Plaintiffs and Members of the Terminated Sub-Class Against Defendant)**

108. Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

109. At all times, relevant herein, Defendant were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to *Labor Code* § 201-203.

110. As a pattern and practice, Defendant regularly failed to pay Plaintiffs and the members of the Terminated Sub-Class their final wages pursuant to *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to *Labor Code* § 203.

111. *Labor Code* §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of

quitting.

112. On information and belief, Defendant has a company-wide practice or policy of paying departing employees their final wages late, instead of adhering to the time requirements set forth in *Labor Code* § 201 and 202.

113. Plaintiffs and members of the Terminated Sub-Class are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to *Labor Code* § 256.

**SEVENTH CAUSE OF ACTION**

**Failure to Furnish Accurate Itemized Wage Statements and Maintain Accurate Records**

***Labor Code* §§ 226, 1174.5 and Applicable IWC Wage Orders**

**(By Plaintiffs and Members of the Putative Class Against Defendant)**

114. Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

115. California *Labor Code* § 226(a) and the applicable IWC wage order section 6(B) requires employers to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

116. California *Labor Code* § 226(e) provides that if an employer fails to comply with providing an employee with properly itemized wage statements as set forth in § 226(a), then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed $4,000. Further, *Labor Code* § 226.3 provides that any employer who violates § 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage statement or fails to keep the required records pursuant to § 226(a).

117. Defendant knowingly and intentionally failed to furnish Plaintiffs and the members of the Classes with timely, itemized statements in compliance with *Labor Code* § 226(a) and the applicable IWC Wage order section 6(B).

118. Plaintiffs are informed and believe, and thereon allege, that Defendant knowingly and intentionally failed to furnish Plaintiffs and members of the Classes with timely, itemized statements

showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

119. Plaintiffs are informed and believe, and thereon allege, that Defendant did not maintain accurate business records pertaining to the total hours worked for Defendant by Plaintiffs and the members of the Classes as required under *Labor Code* § 1174.5. This is a result of, inter alia, missing hours worked, unpaid overtime, and missed meal and rest-break premiums, as illustrated above.

120. As a result of not having kept accurate records, Plaintiffs and members of the Plaintiff Class suffered injuries in the form of confusion over whether they received all wages owed to them, and difficulty and expense in reconstructing pay records in addition to other injuries which may come to light during the discovery process.

121. California *Labor Code* § 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC wage order. Furthermore, *Labor Code* § 1198 provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period.

122. During the Relevant Time Period, Defendant failed, on a company-wide basis, to keep accurate records of work and meal period start and stop times for Plaintiffs and members of the Plaintiff Class, in violation of *Labor Code* § 1198.

123. Plaintiffs and the members of the Plaintiff Class herein seek damages and penalties pursuant to *Labor Code* § 226(e) for Defendant's violations of *Labor Code* § 226(a).

124. Plaintiffs and Class Members also seek an award of reasonable attorneys' fees and costs pursuant to *Labor Code* § 226(h).

/ / /

/ / /

/ / /

/ / /

## EIGHTH CAUSE OF ACTION

**Violations of Los Angeles Administrative Code, Division 10, Article 11, §§ 10.37, *et seq.***

**Los Angeles Living Wage Ordinance**

**(By Plaintiffs and Members of the Putative Class Against Defendant)**

125. Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

126. Plaintiffs and Class Members performed non-exempt airline food preparation and catering work in connection with flights and operations at Los Angeles International Airport. Defendant operated its airline catering business in connection with LAX and employed Plaintiffs and Class Members to perform services integral to airport operations. As a result, Plaintiffs and Class Members were airport service employees entitled to the wage protections afforded by the Los Angeles Living Wage Ordinance. Defendant failed to pay Plaintiffs and Class Members the compensation required by the ordinance for all hours worked.

127. Section 10.37.2 of the LWO provides that an Employer shall pay an Employee "a wage of no less than the hourly rates set under the authority of this article."

128. Section 10.37.2(a)(2) of the LWO requires Airport Employers and Subcontractors pay their Airport Employees the "living wage rate." Effective as of July 1, 2024, the LWO's set "living wage rate" is $19.28 per hour with health benefits provided, or $25.23 per hour if health benefits are not provided. Airport Employers who provide health benefits must pay at least $5.95 per hour to the health benefit plan.

129. Section 10.37.6 of the LWO authorizes an Airport Employee claiming violations of the LWO may bring an action in the Superior Court of the State of California against his or her Employer and may be awarded:

a. For failure to pay wages required by this article, back pay shall be paid for each day during which the violation occurred;

b. For failure to comply with health benefits requirements pursuant to this article, the Employee shall be paid the differential between the wage required by this article without health benefits and such wage with health benefits, less amounts paid, if any, toward health benefits; and,

c. For retaliation the Employee shall receive reinstatement, back pay or other equitable relief the court may deem appropriate.

130. During the relevant period, the Los Angeles Living Wage Ordinance required covered airport employers to pay airport service employees no less than the applicable living wage rate in effect for each hour worked, together with any required cash-in-lieu payment when qualifying health benefits were not provided. Defendant failed to pay Plaintiffs and Class Members wages at the applicable living wage rates in effect during their employment and failed to pay all additional compensation required by the ordinance, resulting in underpayment of straight-time wages and derivative underpayment of overtime and premium wages.

131. During the Relevant Time Period, Defendant failed to conform with the LWO laws as set forth above by failing to pay Plaintiffs and the Class Members at the required minimum living wage rate.

132. Defendant, at all times, compensated Plaintiffs and the Class Members by paying them lower wages than those required by the LWO for each hour worked. Defendant's actions resulted in Plaintiffs and the Class Members not receiving the compensation required under the LWO.

133. Plaintiffs allege that at all times relevant herein, Defendant has been and is aware of LWO minimum living wage rate of pay requirement for employees of an "Airline Food Caterer," as defined therein. However, Defendant has nevertheless knowingly and willingly violated the LWO laws by failing to pay the proper wages at the required hourly wage rate. Accordingly, under LWO § 10.37.6 the Plaintiffs and the Class Members are owed the compensation they should have received if Defendant had not failed to comply with the Ordinance.

## NINTH CAUSE OF ACTION

## Civil Penalties Pursuant to PAGA (Labor Code Section 2698, et seq.)

## (On Behalf of All Aggrieved Employees Against all Defendants)

134. Plaintiffs hereby re-allege, and incorporate by reference as though set fully forth herein, the allegations contained above.

135. At all times set forth herein, PAGA (California Labor Code sections 2698-99) applied to Defendant's employment of Plaintiffs and the proposed Plaintiff Class.

136. At all times set forth herein, California Labor Code section 2699(a) has provided that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

137. At all times set forth herein, PAGA has also provided that for the violation of any Labor Code provision that does not itself contain a civil penalty, there are established civil penalties of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation. Cal. Lab. Code, § 2699(f).

138. A civil action under PAGA may be brought by an “aggrieved employee,” any person that was employed by the alleged violator and against whom one or more of the alleged violations were committed.

139. Defendant has been committing, and continues to commit, violations of the California Labor Code, including, but not limited to:

a. violations of Labor Code sections 510, 1194.2, and 1198;
b. violations of Labor Code sections 221, 223, 1182.11-1182.12, 1194, 1194.2, 1197, and 1198;
c. violations of Labor Code sections 226.7, 512, 516, and 1198;
d. violations of Labor Code sections 226, 1174, and 1174.5;
e. violations of Labor Code sections 201-203; and
f. violations of Labor Code section 1198.

140. Plaintiffs were employed by Defendant, and the alleged violations have been committed against them during their time of employment, and they are, therefore, aggrieved employees. Plaintiffs and other employees are “aggrieved employees” as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendant, and one or more of the alleged violations were committed against them.

141. Pursuant to California Labor Code section 2699.3, aggrieved employees, including Plaintiffs, may pursue a civil action arising under PAGA after the following requirements have been met:

a. The aggrieved employee shall give written notice (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations; and

b. The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violations sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

142. By letter dated July 17, 2025, required notice was provided to the Labor and Workforce Development Agency ("LWDA") and Defendant, of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

143. More than sixty-five (65) days have passed since the date the notice was mailed to Defendant and the LWDA, and Plaintiffs have received no response from the LWDA indicating that it plans to investigate. Thus, Plaintiffs have satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties Against all Defendants for violations of California Labor Code identified in this Second Amended Class and Representative Action Complaint.

144. Accordingly, Plaintiffs and the other aggrieved employees are entitled to and seek to recover civil penalties for Defendant's violations of the Labor Code during the applicable limitations period.

145. Pursuant to California Labor Code section 2699(g), Plaintiffs, on behalf of themselves and the other aggrieved employees, are entitled to an award of reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, and the Class Members pray for judgment as follows:

1. For an order certifying the proposed Plaintiff and Terminated Sub-Class;

2. For an order that counsel for Plaintiffs be appointed class counsel;
3. Designation of Plaintiffs as the class representatives of the Plaintiff and Terminated Sub-Class;
4. For restitution of all monies due to Plaintiffs and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;
5. Prejudgment and post judgment interest on all sums awarded;
6. For compensatory damages;
7. For penalties pursuant to *Labor Code* §§ 210, 226, 226.7;
8. For interest accrued to date;
9. For costs of suit and expenses incurred herein pursuant to *Labor Code* §§ 226 and 1194;
10. For reasonable attorneys' fees pursuant to *Labor Code* § 226 and *Code of Civil Procedure* § 1021.5, and/or other applicable law;
11. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:
    a. California *Labor Code* §§ 510, 1198 for failing to pay overtime;
    b. California *Labor Code* §§ 221, 223, 1182, 1194, 1197, and 1198 for failing to pay all wages;
    c. California *Labor Code* §§ 226.7, 512, 516, and 1198 for failing to provide compliant meal and rest breaks;
    d. California *Labor Code* § 2802 for failing to reimburse business expenses;
    e. California *Labor Code* §§ 201-203 for failing to pay all wages owed at termination;
    f. California *Labor Code* §§ 226(a) and 1174 for failing to provide accurate, itemized wage statements and failing to maintain accurate records; and
    g. LWO § 10.37.6 for willfully failing to pay minimum wages;
12. For all such other and further relief that the Court may deem just and proper.

DATED: June 30, 2026

By: /s/ Marcus J. Bradley

Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Attorneys for Plaintiffs and all others similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial of Plaintiffs' and the Class Members' claims by jury to the extent authorized by law.

DATED: June 30, 2026

By: /s/ Marcus J. Bradley
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Attorneys for Plaintiffs and all others similarly situated